**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 22-51065-BEM** |
| **ROBERT E. SPRINGER, III, M.D., P.C.,** | **CHAPTER 11** |
| Debtor. | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT**
**AND FOR HEARING ON APPLICATION FOR FINAL**
**DECREE CLOSING THE CHAPTER 11 CASE PURSUANT TO**
**SECTION 350(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Robert E. Springer, III, M.D., P.C., (the "**Debtor**") submits this Application for Final Decree Closing the Chapter 11 Case Pursuant to Section 350(A) of the Bankruptcy Code and Bankruptcy Rule 3022 on March 7, 2023. Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one days from the date of service of this notice.

**If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Room 1340, Atlanta, GA 30303, and serve a copy on the movant's attorney, Keck Legal, LLC, Attn: Benjamin R. Keck, at 2566 Shallowford Road, Suite 104-252, Atlanta, Georgia 30345, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **April 4, 2023** at **11:00 A.M.**, **in Courtroom 1402, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303**. The Court will hold an initial telephonic hearing for announcements on the Motion at the following number: (toll-free number: **833-568-8864;** meeting id **160 862 0914,** at **11:00 A.M.**, **in Courtroom 1402, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.**

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: March 7, 2023                              **KECK LEGAL, LLC**

                                                          */s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2566 Shallowford Road, Suite 104-252
Atlanta, Georgia 30345
(678) 641-1720 Telephone
bkeck@kecklegal.com
*Attorney for the Debtor*

-2-

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In Re:** | **CASE NO. 22-51065-BEM** |
| **ROBERT E. SPRINGER, III, M.D., P.C.,** | **CHAPTER 11** |
| Debtor. | |

## APPLICATION FOR FINAL DECREE
## CLOSING THE CHAPTER 11 CASE PURSUANT TO
## SECTION 350(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

Robert E. Springer, III, M.D., P.C., (the "**Debtor**") submits this Application for Final Decree Closing the Chapter 11 Case Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 (the "**Application**") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, which would close this chapter 11 case.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 & 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

### BACKGROUND

2. On February 8, 2022 (the "**Petition Date**") the Debtor filed a voluntary petition with the Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, (the "**Bankruptcy Code**").

3. On May 9, 2022, the Debtor filed its Plan of Reorganization [Doc. 59] (the "**Plan**") under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. On May 17, 2022, the Court entered an Order and Notice of Assignment of Hearing on Confirmation of Plan [Doc. 62] to schedule the confirmation hearing for June 23, 2022. The Court subsequently rescheduled the confirmation hearing to be held on July 19, 2022 [Doc. 72] (the "**Confirmation Hearing**"). The Court held the Confirmation Hearing via live videoconference on July 19, 2022 and continued the Confirmation Hearing to August 16, 2022, ultimately concluding the Confirmation Hearing on August 16, 2022.

5. The Court entered an order on August 25, 2022 confirming the Plan [Doc. 89] (the "**Confirmation Order**"). Pursuant to the terms of the Plan, the effective date of the Plan occurred on September 24, 2022 [See Doc. 94] (the "**Effective Date**").

6. As of the date hereof, the Reorganized Debtor has substantially consummated the Plan, and required Plan distributions have been made in accordance with the terms of the Plan.

## REQUEST FOR RELIEF

7. The Reorganized Debtor respectfully requests that this Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing this chapter 11 case.

## BASIS FOR RELIEF

8. Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. *See* 11 U.S.C. § 350(a). In addition, Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. The factors typically considered in determining whether an estate has been fully administered are:

(1) Whether the order confirming the plan has become final;
(2) Whether deposits required by the plan have been distributed;
(3) Whether the property proposed by the plan to be transferred has been transferred;
(4) Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(5) Whether payments under the plan have commenced; and

(6) Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note.

9. Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See*, e.g., *In re Aquatic Dev. Grp. Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc*., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Kliegl Bros*., 238 B.R. at 542; *see also Walnut Assocs. v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

10. Here, these factors weigh in favor of finding this case to be fully administered. The Confirmation Order has become a final order, and the Effective Date has occurred. All transfers of property required under the Plan have occurred. The Reorganized Debtor continues to operate the Debtor's business. The Reorganized Debtor has paid all administrative priority claims and has made multiple payments to creditors as required under the Plan. There are no pending motions, contested matters, or adversary proceedings remaining to be resolved. Accordingly, this case has been fully administered.

11. The Debtor has resolved all outstanding claims and has otherwise fully consummated the Plan. No contested matters remain for this Court to adjudicate.

12. Based on the facts and circumstances of this case, the Debtor submits that its estate is fully administered, as required by § 350(a) and Bankruptcy Rule 3022. Therefore, the Debtor asserts that this chapter 11 case should be closed.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully shows that no further administration of the above-captioned case is necessary and accordingly requests that the Court (i) enter a Final Decree in the above-captioned case and (ii) grant such other relief as is just and proper.

Dated: March 7, 2023             **KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2566 Shallowford Road, Suite 104-252
Atlanta, Georgia 30345
(678) 641-1720 Telephone
bkeck@kecklegal.com
*Attorney for the Debtor*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re: | CASE NO.  22-51065-BEM |
| ROBERT E. SPRINGER, III, M.D., P.C., | CHAPTER 11 |
| Debtor. | |

**FINAL DECREE CLOSING THE DEBTOR'S
CHAPTER 11 CASE PURSUANT TO SECTION 350(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the application [Doc. 106] (the "**Application**")[1] of Robert E. Springer, III, M.D., P.C. (the "**Debtor**" or "**Reorganized Debtor**"), for entry of a final decree closing this chapter 11 case pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Application; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Bankruptcy Court having found that this is a core

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

-1-

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Application is in the best interests of the Debtor, its estate and creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Bankruptcy Court having reviewed the Application; and this Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtor's chapter 11 case is hereby closed; provided, however, that this Court shall retain such jurisdiction over all matters arising out of, or related to, this chapter 11 case and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor or any party in interest to seek to reopen this chapter 11 case for good cause shown. For the avoidance of doubt, this Order shall not modify the Reorganized Debtor's remaining obligations under the Plan or any order of the Bankruptcy Court.

3. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

[END OF ORDER]

**Prepared and Presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2566 Shallowford Road, Suite 104-252
Atlanta, Georgia 30345
(678) 641-1720 Telephone
bkeck@kecklegal.com
*Attorney for the Debtor*


**Distribution List**

Keck Legal, LLC
Benjamin R. Keck
2566 Shallowford Road, Suite 104-252
Atlanta, Georgia 30345

Martin Ochs
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Leon S. Jones
JONES & WALDEN, LLC
699 Piedmont Avenue SE
Atlanta, GA 30308

All creditors on mailing matrix